**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT REESE,

    Petitioner,

v.   Case No. 07-CV-12087

BLAINE LAFLER,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Robert Reese is a state inmate currently incarcerated at Carson City Correctional Facility in Carson City, Michigan. After his Wayne County Circuit Court jury trial, Petitioner was convicted of second-degree murder, Mich. Comp. Laws §750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. He was sentenced as a third habitual offender, Mich. Comp. Laws §769.311, to thirty-seven and a half to sixty-two and a half years' imprisonment for the second-degree murder conviction and a consecutive two year term of imprisonment for the felony-firearm conviction. Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the court will deny the petition.

**I. BACKGROUND**

Petitioner's conviction arose from the shooting death of Eugene Johnson, the fiancé of Petitioner's former girlfriend, Vernail Durr. Petitioner testified that after

stopping by to visit Ms. Durr, he first knocked on her front door and, when there was no response, he walked around to the back of the home and knocked on the window. (Tr. Vol. II, 1/25/05, at 61). Petitioner testified that when Durr did not respond, he began to walk away from the residence and Mr. Johnson exited the home and began shooting at Petitioner. *Id.* at 61-63. Petitioner, who was also armed, returned fire, *Id.* at 64, killing Johnson. *Id.* at 70-71. Petitioner testified that he shot Johnson in self-defense. *Id.* at 71.

Petitioner filed a direct appeal of right with the Michigan Court of Appeals raising the following claims

> I. The trial court's "State of Mind" instruction denied Defendant his constitutionally guaranteed right of due process thereby requiring that he be granted a new trial.
>
> II. The failure to instruct Defendant's jury with a cautionary instruction regarding addict testimony is reversible error.

Petitioner requested that the Michigan Court of Appeals remand the case for an evidentiary hearing regarding the following claim:

> Where Defendant claimed he shot the victim in self-defense after the victim shot at him, trial counsel was ineffective, under the Federal Constitution, in failing to utilize a 911 recording where the only eyewitness told police the victim and Defendant were shooting at each other and no other evidence in support of self-defense existed.

The Michigan Court of Appeals granted Petitioner's motion and the matter was remanded for an evidentiary hearing on the ineffective assistance of counsel issue. Subsequently, the Court of Appeals affirmed Petitioner's conviction. *People v. Reese*, No: 261410 (Mich. Ct. App. Oct. 31, 2006).

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims as those presented before the Michigan Court of Appeals, including the ineffective assistance of counsel issue as a third claim. The Michigan Supreme Court denied leave to appeal because the court was not "persuaded that the questions presented should be reviewed." *People v. Reese*, 728 N.W.2d 456 (Mich. 2007).

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. § 2254 raising the following claims:

> I. The trial court's "State of Mind" instruction denied Defendant his constitutionally guaranteed right of due process thereby requiring that he be granted a new trial.
>
> II. The failure to instruct Defendant's jury with a cautionary instruction regarding addict testimony is reversible error.
>
> III. Where Defendant claimed he shot the victim in self-defense after the victim shot at him, trial counsel was ineffective, under the Federal Constitution, in failing to utilize a 911 recording where the only eyewitness told police the victim and Defendant were shooting at each other and no other evidence in support of self-defense existed.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. §2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

> The Supreme Court explained the proper application of the "contrary to" clause: A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . .

4

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court held a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11; *see also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III.  DISCUSSION

#### A. Jury Instructions
#### (State of Mind & Cautionary)

Petitioner makes two instructional error arguments. First he claims that the "state of mind" jury instruction given by the trial court was clearly erroneous because it can be reasonably construed from the instruction that Petitioner is conclusively presumed to be

5

guilty and it misleads the jury regarding which party has the burden of proof in this matter. Second, Petitioner asserts that his right to a fair trial was violated when the trial court failed to provide the jury with an instruction regarding the unreliability of testimony from an individual with a drug addiction. Durr testified that she and Johnson had used heroin on the evening of the shooting. (Tr. Vol. I, 1/24/05, at 134). Petitioner asserts that Durr is a drug addict, that her incriminating testimony is unreliable due to her drug addiction, and that he was entitled to a cautionary jury instruction regarding the unreliability of Durr's testimony.

The Michigan Court of Appeals responded to both instructional error arguments as follows:

> Defendant has waived both of these claims of instructional error and is not entitled to appellate review. "In order to properly preserve an issue for appeal, a defendant must 'raise objections at a time when the trial court has an opportunity to correct the error . . . .'" Thus, a party must challenge a jury instruction at trial to preserve the issue for appeal, and the failure of the court to instruct on any point of law is not ground for setting aside the verdict of the jury unless the instruction is requested by the accused. Moreover, a party waives review of the propriety of jury instructions when, as here, he approves the instructions at trial. Importantly, here, defendant affirmatively waived his claims of instructional error by explicitly approving the instructions that were given by the trial court. Indeed, defense counsel expressly advised the trial judge that he was "satisfied" with the instructions.

*Reese,* 2006 WL 3077683 at *1 (internal citations omitted).

### 1. Procedural Default

As an initial matter, Respondent contends that the petition should be denied because Petitioner's claims are barred by procedural default. The Supreme Court has described the doctrine of procedural default as follows:

6

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although the procedural default doctrine precludes habeas relief on a defaulted claim absent satisfaction of the cause-and-prejudice test, the doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). While the court would ordinarily resolve the procedural default issue first, "judicial economy sometimes dictates reaching the merits [of a claim] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted); *see also Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.").

In this case, it is more efficient to proceed directly to the merits of the Petitioner's claims.

### 2. State of Mind Jury Instruction

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in instructing the jury on the state of mind required to support a conviction for second-degree murder. He challenges the following instruction:

> Now, in inferring state of mind, you must think about all the evidence in deciding what the defendant's sate of mind was at the time of the alleged killing. Now, the defendant's state of mind may be inferred from the kind of weapon that was used, the type of wounds that were inflicted, the

7

> circumstances surrounding the alleged killing.
>
> You may infer that the defendant intended to kill if he used a dangerous weapon in a way that is likely to cause death. Likewise, you may infer that the defendant intended the usual results that follow from the use of a dangerous weapon. A dangerous – a gun, for example is a dangerous weapon.

(Trial Tr., Vol. II, 1/25/10, at 101.)

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147). The court must "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Id.* (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

Petitioner's claim was rejected on appeal based upon the following grounds: (1) Petitioner's failure to preserve the claim for appellate review and (2) waiver. The Michigan Court of Appeals did not review Petitioner's state of mind jury instruction claim for plain error. However, this court finds that the trial court used a standard criminal jury instruction and that no error occurred. The instructions, taken as a whole, fairly presented the applicable law to the jury. The Court of Appeals also disagreed with Petitioner's argument that the instruction improperly shifted the burden of proof. The

language "may be inferred" and "you may infer" used in the jury instruction is permissive language. Permissive inferences do not shift the burden of proof to a defendant and are not improper. *See Coe v. Bell*, 161 F.3d 320, 331-32 (6th Cir. 1998).

The state court's decision is neither contrary to or an unreasonable application of Supreme Court precedent. Petitioner has failed to show that the trial court's use of the standard jury instruction violated any right secured by the Constitution. In addition to the proper state of mind jury instruction, the trial court also instructed the jury that a criminal defendant is presumed innocent and that the prosecution has the burden of proving each element of the crime beyond a reasonable doubt. (Tr. Vol. II, 1/25/05, at 94.) Lastly, given the significant evidence of guilt presented at trial, there is no basis to believe that the instruction had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Fry v. Pliler*, 127 S. Ct. 2321, 2328 (2007); *Vasquez v. Jones*, 496 F.3d 564, 575 (6th Cir. 2007). Petitioner is not entitled to habeas relief on this claim.

### 3. Cautionary Jury Instruction

In addition to the standard in reviewing jury instruction claims set forth above, Michigan law encourages trial judges to instruct the jury on factors to use when evaluating eyewitness testimony, including information that such testimony may be inherently unreliable. *See People v. Anderson*, 205 N.W.2d 461 (Mich. 1973). However, there is no "clearly established Federal law" governing this claim. On the appellate level, in *Scott v. Mitchell,* 209 F.3d 854, 882-83 (6th Cir. 2000), the Sixth Circuit adopted the Fourth Circuit's approach from *United States v. Howard,* 590 F.2d 564, 570 (4th Cir. 1979), that there was no error in rejecting an addict instruction

because there was no evidence that the witness was addicted at the time of trial. The Sixth Circuit had previously found in *United States v. Griffin,* 382 F.2d 823 (6th Cir. 1967), that a special cautionary instruction was necessary for a narcotics addict because, "[a]bsent the testimony of the [narcotics] addict, this record is devoid of any evidence that Miss Lewis and the defendant Griffin formed a common plan or design to engage in a criminal partnership." *Id.* 382 F.2d at 826. However, the Sixth Circuit stated in *Scott,* citing earlier Sixth Circuit law, as follows:

> "This court has long recognized the importance of an addict-informant instruction in appropriate cases." *United States v. Brown,* 946 F.2d 1191, 1195 (6th Cir. 1991). However, there is no per se rule requiring such instructions to be given in all cases involving addict testimony; instead, "the need for such an instruction depends on the circumstances of each case." *Id.* (internal quotation omitted). The district court errs by failing to give a requested instruction only when the requested instruction is correct, not substantially covered by the actual jury charge, and when not giving the instruction would substantially impair defendant's defense. See *United States v. Sassak,* 881 F.2d 276, 279 (6th Cir. 1989).

*Scott,* 209 F.3d at 883.

In this case, Petitioner's argument fails in five respects. First, Petitioner has not established that Durr was a "drug addict." Although she admitted at trial to "snorting heroin" and ingesting alcohol on the evening of the shooting, that admission does not necessarily rise to the level of a drug addiction concession. (Tr., Vol. I, 1/24/05, at 133-34.) Second, even if Durr were a drug addict, Petitioner has not demonstrated that her drug use impaired her testimony at trial. Third, there was ample evidence apart from Durr's testimony to support a conviction in this case.[1] Fourth, the trial court's instruction

---

[1](1) Eyewitness testimony by a neighbor, Richard Parker, regarding statements Petitioner made just prior to the shooting which were inconsistent with statements being made by a person acting in self-defense; (2) Evidence technician testimony regarding

10

to the jury regarding the reliability and believability of witness testimony and questions for the jury to ask themselves when assessing the credibility of witnesses was quite thorough and all encompassing to the extent that the jurors had to consider Durr's admitted drug use as a credibility factor. (Tr., Vol. II, 1/25/05, at 97-99.) Finally, Petitioner has not cited any clearly established federal or Supreme Court precedent that can be read as requiring such a "drug addict" cautionary instruction, the absence of which under AEDPA, 28 U.S.C. § 2254(d)(1), would warrant habeas relief. *Williams*, 529 U.S. at 376-80 (requiring clearly established Supreme Court precedent).

Therefore, Petitioner's request for habeas relief regarding his cautionary instruction claim is denied.

### B. Ineffective Assistance of Counsel

Petitioner claims that his trial counsel was ineffective because he failed to introduce into evidence a 911 tape recording where the caller stated that Petitioner and Johnson were shooting at one another. Petitioner argues that this recording proves that Johnson was also a shooter, which supports his self-defense theory of the case. The Michigan Court of Appeals rejected Petitioner's argument, stating as follows:

> As the trial court noted, there was no evidence that an audiotape of a 911 call existed and the police report contained no reference to such a call. Additionally, counsel did challenge the results of the gunshot residue tests. Those tests simply came back inconclusive as to the victim. Hence, there was no showing that counsel performed below an objective standard of reasonableness and that defendant suffered prejudice a

---

gun residue and how the amount found on the victim was inconsistent with him being a shooter; (3) Testimony regarding the placement of the bullet casings and the gun showed that Petitioner was the only shooter, which is inconsistent with his self-defense theory; and (4) Petitioner's own testimony regarding his actions immediately following the shooting do not exemplify behavior of an innocent individual.

11

result.

*Reese,* 2006 WL 3077683 at *2 (internal citations omitted).

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, Petitioner must satisfy the test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court set forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct

12

so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

In support of Petitioner's claim, he has attached a "Police Department Arrest" report and his attorney grievance documents. (Pet., Att. E-a and E-c). The report does indicate that the police responded to a call indicating that "[Black males were] shooting at each other." *Id.* at E-a. However, such a statement, if made, does not show the existence of a 911 tape or necessarily equate with Johnson initiating an attack to which Petitioner was required to respond. The attorney grievance documents consist of self-serving statements in which Petitioner claims, among other things, that trial counsel failed to introduce into evidence "the 911 tape" which included a statement that "two black males are shooting at each other." *Id.* at E-b. Again, this statement does not establish the existence of any 911 tape, nor that Petitioner was acting in self-defense when he killed Johnson. Therefore, the Michigan Court of Appeals' adjudication of Petitioner's claim was not an unreasonable application of clearly established federal law. Under *Strickland,* a court must presume that decisions by counsel regarding whether to admit certain evidence is a matter of trial strategy. See *Hutchinson v. Bell,* 303 F.3d 720, 749 (6th Cir. 2002). Therefore, Petitioner is not entitled to federal habeas corpus relief on the grounds alleged.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal

13

the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted. The court thus declines

---

[2]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

to issue Petitioner a certificate of appealability.

## V.  CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States.

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealabiliy.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 31, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-12087.REESE.habeas denied.ka.2.wpd