**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT REESE,

      Petitioner,

v.                                  Case No. 07-12087

BLAINE LAFLER,

      Respondent.
                                      /

**OPINION AND ORDER (1) CONSTRUING PETITIONER'S "MOTION FOR CERTIFICATE OF APPEALABILITY" AS A MOTION FOR RECONSIDERATION, (2) DENYING MOTION, AND (3) GRANTING PETITIONER'S "MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*"**

Petitioner Robert Reese filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. A jury convicted him in Wayne County Circuit Court of second-degree murder, Mich. Comp. Laws §750.317; and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. On December 31, 2009, the court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Declining to Issue a Certificate of Appealability." Pending before the court is Petitioner's "Notice of Appeal,"[1] "Motion for Certificate of Appealability," and "Motion to Proceed *In Forma Pauperis*." Because the court already has denied a certificate of appealability, the court will construe Petitioner's "Motion for Certificate of Appealability" as a request for reconsideration of that denial.

Motions for reconsideration may be granted when the moving party shows: (1) a

---

[1] Petitioner first filed a "Notice of Appeal" and approximately one month later filed his motion for a certificate of appealability. Petitioner states that the delay between the two filings was due to his transfer to another correctional facility.

"palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The court declined to issue a certificate of appealability in its December 31, 2009 Order, because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. L.R. 7.1(g)(3); see also, *Meekison v. Ohio Dept. Of Rehabilitation and Correction,* 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the court's decision denying a certificate of appealability was based upon a palpable defect by which the court was misled.

Petitioner has also filed an application to appeal *in forma pauperis.* Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, at *3 (N.C. Ill. Jan. 4, 2002).

"[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir. 2000).

Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *Foster v. Lidwick,* 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002) (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although the court found that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, will grant Petitioner's request to proceed on appeal *in forma pauperis.* Accordingly,

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 19] IS CONSTRUED as a motion for reconsideration.

IT IS FURTHER ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 19] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to Proceed on Appeal *In Forma Pauperis.*" [Dkt. #20] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522